```
JASON J. BUCCAT, ESQ., SBN 2555660
jason@downtownlalaw.com
DOWNTOWN LA LAW GROUP, LLP
612 S. Broadway
Los Angeles, California 90014
Tel: (213) 389-3765
Fax: (877) 389 - 2775

Attorneys for Plaintiff
JOSE LUIS CONTRERAS GALINDO
```

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
6/5/2025 1:24:06 PM

Clerk of the Superior Court
By D. Cortez    ,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JOSE LUIS CONTRERAS GALINDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE LOGISTICS, LLC, a DELAWARE Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 25CU029134C<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **SAFTEY IN EMPLOYMENT (LAB. CODE §6310)**<br>2. **RETALIATION (LAB. CODE §§1102.5, 1102.6); AND**<br>3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**DEMAND OVER $25,000**<br><br>[DEMAND FOR JURY TRIAL] |

**COMES NOW PLAINTIFF, JOSE LUIS CONTRERAS GALINDO,** and for causes of action against the Defendants and each of them, alleges as follows:

### JURISDICTION

1. This Court is the proper court, and this action is properly filed in San Diego County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Diego County, and because the work that is the subject of this action was performed by Plaintiff in San Diego County.

## THE PARTIES

2. Plaintiff, JOSE LUIS CONTRERAS GALINDO, is and at all times relevant hereto was a resident of the County of San Diego, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant PENSKE LOGISTICS, LLC (hereinafter referred to as "PENSKE") was and is a Delaware limited liability company with a principal address of 2675 Morgantown Road, Reading, Pennsylvania 19607, and doing business at 8750 Production Ave, San Diego, CA 92121, in the County of San Diego, State of California. PENSKE is likewise hereinafter referred to as "Employer."

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a company providing commercial security, fire, and life safety services.

5. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's Employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 4-2001, and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

8. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

### ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

11. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

12. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

    a. Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

     b.     Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

     c.     Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

     d.     Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

     e.     The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

13.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

14.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

15.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other

Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

**FACTUAL ALLEGATIONS**

16. On or around January 09, 2023, Employers hired Plaintiff to work as a truck driver. Plaintiff was a full-time, non-exempt employee, and all of his job duties satisfactorily before Plaintiff was wrongfully terminated on or about June 06, 2024.

17. On or about November 14, 2023, Plaintiff discovered a high volume of boxes stacked to the roof of a trailer that he was on shift to deliver. Plaintiff reported this to Byran Ruder, the Operations Manager.

18. On or about November 27, 2023, Plaintiff again discovered and reported that a high volume of boxes were stacked to the roof. Based on Plaintiff's information and safety concerns, the high placement created no line of sight could fall over injuring someone. Plaintiff believes that his termination was motivated his reporting such safety concerns.

19. On or about May 13, 2024, Plaintiff had a driver meeting with a customer, specifically Starbucks Regional Manager, where another driver was having the same safety concerns as the Plaintiff. The Plaintiff spoke up and engaged in a verbal altercation with the customer and the manager shunned him for speaking up. At the outset of this meeting the Plaintiff was feeling ill.

20. On or about May 14, 2024, or May 15, 2024, Plaintiff went to the Occupational Safety and Health Administration (OSHA) and made a complaint because he was still facing concerns about his safety and the safety of others. The complaint made to OSHA related to the height of the boxes, ramps not having safety chains, and security of the pallets.

21. On or about May 16, 2024, Employer received notice OSHA complaint.

22. On or about May 17, 2024, Plaintiff was informed that he could not come into work until further notice.

23.     On June 06, 2024, Plaintiff was wrongfully terminated under the pretext of the altercation on that took place on May 13, 2024, with the customer. Plaintiff was provided with a corrective counseling form by the Employer that indicated a final warning and five-day suspension and the Employer informed him that there was no more work for him. Plaintiff alleges thereon that the decision to terminate Plaintiff's employment was directly due to his safety concerns that were reported to management and his OSHA complaint.

24.     As earlier mentioned, Plaintiff believes that his termination was motivated by his reporting of safety issues and concerns to Defendants and their employees.

25.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

26.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

27.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

28.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

29.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages

be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION
## FOR SAFETY IN EMPLOYMENT
## IN VIOLATION OF LABOR CODE § 6310
## AGAINST ALL DEFENDANTS

30.    Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

31.    At all relevant times, Labor Code § 6310(a) was in full force and effect, and was binding on Defendants. This law prohibits an employer, or any person to be discharged or in any manner discriminate against any employee because the employee has done any of the following: 1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, their employer, or their representative. 2) Instituted or caused to be instituted any proceeding under or relating to their rights or has testified or is about to testify in the proceeding or because of the exercise by the employee on behalf of themselves, or others of any rights afforded to them. 3) Participated in an occupational health and safety committee established pursuant to Section 6401.7.

32.    At all relevant times, Labor Code § 6310(b) was in full force and effect, and was binding on Defendants. Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by their employer because the employee has made a bona fide oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, their employer, or their representative, of unsafe working conditions, or work practices, in their employment or place of employment, or has participated in an employer-employee occupational health and safety committee, shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer. Any employer who willfully refuses to rehire, promote, or otherwise restore an employee or former employee who has been determined to be eligible for rehiring

or promotion by a grievance procedure, arbitration, or hearing authorized by law, is guilty of a misdemeanor.

33. As earlier mentioned, Plaintiff reported suspected safety concerns that were reported to Plaintiff's management and OSHA.

34. Defendants subjected Plaintiff to the adverse employment action, including without limitation, termination because Plaintiff reported suspected safety concerns in the workplace to Plaintiff's management and OSHA.

35. Plaintiff's reports of these violations were a motivating and contributing factor for the adverse employment actions by Defendants against Plaintiff.

36. Said conduct violates Labor Code Labor Code §6310, and such violations were a proximate cause in Plaintiff's damages as hereinabove stated.

37. The damage allegations are herein incorporated by reference.

38. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff, or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## SECOND CAUSE OF ACTION
## FOR RETALIANTION
## IN VIOLATION OF LABOR CODE §§ 1102.5 AND 1102.6
## AGAINST ALL DEFENDANTS

39. Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

40. At all relevant times, Labor Code §1102.5(a) was in full force and effect, and was binding on Defendants. This law prohibits an employer, or any person acting on behalf of the employer, from discharging an employee or in any manner discriminating or retaliating against, or taking any adverse action against, an employee because, among other things, the employee disclosed information to a government or law enforcement agency, or to a person with authority over the employee or another

employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. Pursuant to Labor Code §1102.5(f), in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section.

41. As earlier mentioned, Plaintiff reported suspected safety concerns that were reported to Plaintiff's management and OSHA.

42. Defendants subjected Plaintiff to the adverse employment action, including without limitation, termination because Plaintiff reported suspected safety concerns in the workplace to Plaintiff's management and OSHA.

43. Plaintiff's reports of these violations were a motivating and contributing factor for the adverse employment actions by Defendants against Plaintiff.

44. Said conduct violates Labor Code Labor Code §1102.5 and Labor Code §1102.6, and such violations were a proximate cause in Plaintiff's damages as hereinabove stated.

45. The damage allegations are herein incorporated by reference.

46. As a result of Defendants' actions, Plaintiff is entitled to a civil penalty not to exceed $10,000.00 for Defendants' violations of Labor Code § 1102.5.

47. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff, or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

### THIRD CAUSE OF ACTION
### FOR WRONGFUL TERMINATION
### IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
### AGAINST ALL DEFENDANTS

48. Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

49. Plaintiff was terminated for reasons that violate fundamental principles of public policy.

50. Plaintiff was terminated for reporting his reasonably based suspicions of safety concerns.

51. Plaintiff refused to engage, opposed, and reported what he reasonably believed to be Defendants' violation of safety measures.

52. At all relevant times mentioned in this complaint, Labor Code §1102.5 was in full force and effect and was binding upon Defendants and each of them. This law prohibits retaliation against employees who disclose reasonable suspicions of illegal activity or conduct by their employer to a government or law enforcement agency, or to employer itself. Labor Code §1102.5 reflects the State's broad public policy interest in encouraging workplace "whistleblowers," who may without fear of retaliation report concerns regarding an employer's suspected illegal conduct, irrespective of whether the reporting is made to governmental agencies or to the employer itself, and irrespective of whether the employee's suspicions are correct that the challenged conduct actually violates some law. Indeed, the law in California is that an employee's good faith but mistaken belief in the illegality of his co-workers', supervisor's, and employer's conduct is protected from employer retaliation in the whistle-blowing context.

53. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's engagement in protected activities under Labor Code §§ 1102.5 and 1102.6 was a proximate cause in Plaintiff's damages as stated below.

54. The damage allegations are herein incorporated by reference.

55. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof but estimated not to exceed $74,999.00 as follows, inclusive of attorneys fees and litigation costs, and according to proof as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For civil penalties pursuant to Labor Code § 1102.5 and 1102.6 in the amount of no less than $10,000.00;

3. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount not to exceed $74,999.00, inclusive of attorneys fees and litigation costs, and according to proof, as follows:

4. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

7. For post-judgment interest; and

8. For any other relief that is just and proper.

1  DATED: June 4, 2025             **DOWNTOWN L.A. LAW GROUP**

2                                  By: *[signature]*
                                   _____
3
                                   Jason J. Buccat Esq,
4                                  Attorneys for Plaintiff
                                   JOSE LUIS CONTRERAS GALINDO
5

6                         **<u>JURY TRIAL DEMANDED</u>**

7     Plaintiff demands trial of all issues by jury.

8  DATED: June 4, 2025             **DOWNTOWN L.A. LAW GROUP**

9                                  By: *[signature]*
                                   _____
10
                                   Jason J. Buccat Esq,
11                                 Attorneys for Plaintiff
                                   JOSE LUIS CONTRERAS GALINDO

---

12

COMPLAINT FOR DAMAGES